FILED

11 JUL 27 PM 3: 43

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL ALPHONCE GUEDEA,<br><br>                              Petitioner,<br>vs.<br><br>UNTIED STATES OF AMERICA,<br><br>                              Respondent. | CASE NO. 06cr1057 JM<br><br>ORDER DENYING MOTION TO TERMINATE, REVOKE, OR ALTER TERM OF SUPERVISED RELEASE |

Petitioner moves this court to revoke, to terminate, or to permit any term potentially imposed for violation of the conditions of supervised release in this case to be served concurrently with a custodial sentence imposed by the State of Arizona for a controlled substance conviction. On September 26, 2006 Petitioner was sentenced to a custodial term of 15 months in this case, followed by a three year term of supervised release, for his conviction for transportation of illegal aliens in violation of 8 U.S.C. §1324(a). Following Petitioner's arrest on state charges, on July 2, 2009 this court issued an arrest warrant based upon his violation of state law. The warrant has yet to be returned and, presumably, a detainer has been lodged against Defendant. On April 9, 2010 the court denied Petitioner's earlier filed motion for final disposition of the supervised release violation. (Ct. Dkt. 31). In essence, Petitioner renews the earlier denied motion.

The court denies Petitioner's motion. Petitioner is not presently in custody on

a warrant for a supervised release violation, but is in custody pursuant to a sentence imposed in a separate case. Consequently, Fed.R.Crim.P. Rule 32.1 does not apply to Petitioner. Further, Petitioner cannot demonstrate any prejudice if a revocation hearing is conducted after he completes the sentence in the Arizona case because the delay in the revocation hearing is due solely to his own conduct. See United States v. Wickham, 618 F.2d 1307 (9th Cir. 1979).

**IT IS SO ORDERED.**

DATED: ___7/27___, 2011

JEFFREY T. MILLER
United States District Judge

cc:   All parties